## In the United States Court of Federal Claims

No. 06-436C
(Filed: September 8, 2008)
(Not for Publication)

```
* * * * * * * * * * * * * * * * * * * * * * * * * *
                                              *
ULYSSES, INC.,                                *
                                              *
                                              *
              Plaintiff,                      *
                                              *
         v.                                   *
                                              *
THE UNITED STATES,                            *
                                              *
              Defendant.                      *
                                              *
* * * * * * * * * * * * * * * * * * * * * * * * * *
```

### MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO WITHDRAW AND DIRECTING PLAINTIFF TO OBTAIN SUBSTITUTE COUNSEL

On July 9, 2008, counsel for Plaintiff, Kenneth J. Haber, filed a motion to withdraw as attorney of record in this case. Because this action had been stayed pending resolution of criminal investigation, this Court deferred ruling on Mr. Haber's motion to withdraw until the stay was lifted. (Order July 18, 2008).

By separate order issued this date, the Court lifted the stay in this action based upon an indictment confirming that the ongoing criminal proceedings are unrelated to the instant action. As such, Mr. Haber's motion to withdraw is ripe for review.

As grounds for his motion for leave to withdraw as counsel, Mr. Haber states that his representation of Plaintiff in this matter was terminated by Mr. Demetrios Tsoutsas, the President of Plaintiff. The record includes an undated letter from Mr. Tsoutsas to Mr. Butler, an associate of Mr. Haber, confirming the termination of the law firm's representation of Ulysses in this action. Plaintiff's Motion to Order Demetrios Tsoutsas to Participate in Upcoming Status Conference, Attachment. The termination letter was transmitted to Plaintiff's counsel via facsimile machine on June 26, 2008.

Good cause having been shown, Mr. Haber's motion for leave to withdraw as counsel is granted.

However, this does not end the matter. Ulysses, Inc. cannot appear in this Court unless it is represented by counsel. Rule 83.1(c)(8) of the Rules of the United States Court of Federal Claims states that "[a] corporation may only be represented by counsel." Thus, "Rule 83.1 precludes nonattorneys from representing corporations." Cherokee of Lawrence County, Tenn. v. United States, No. 06-158, 2006 WL 5668261 at *2 (Fed. Cl. Sept. 1, 2006). See also Talasila, Inc. v. United States, 240 F.3d 1064, 1067 (Fed. Cir. 2001) ("The requirement of [former] Rule 81(d)(8) that a corporation be represented by an attorney in the Court of Federal Claims is clear and unqualified, and . . . does not contemplate exceptions."). Accordingly, Plaintiff may not represent itself pro se in this Court, and Mr. Tsoutsas, who apparently is not a lawyer, may not represent Ulysses here.

This Court orders Ulysses to obtain replacement counsel within **30 days** of the date of this order. In the event that Ulysses does not obtain counsel, the Court will consider Defendant's motion to issue a show cause order. If Ulysses does not obtain counsel to proceed with this action, not only may Ulysses' action be dismissed with prejudice, but a default judgment may be entered against Ulysses on the Government's counterclaims. See Midstar, Inc. v. United States, 33 Fed. Cl. 669, 671 (1995); Chemray Coatings Corp. v. United States, 27 Fed. Cl. 470, 471-72 (1993).

    s/Mary Ellen Coster Williams
    **MARY ELLEN COSTER WILLIAMS**
    **Judge**