# In the United States Court of Federal Claims

No. 06-436C
(Filed: September 8, 2008)
(Not for Publication)

```
* * * * * * * * * * * * * * * * * * * * * * * * * * * *
                                    *
ULYSSES, INC.,                      *
                                    *
                                    *
              Plaintiff,            *
                                    *
        v.                          *
                                    *
THE UNITED STATES,                  *
                                    *
              Defendant.            *
                                    *
* * * * * * * * * * * * * * * * * * * * * * * * * * * *
```

---

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANT'S MOTION TO LIFT STAY**

---

This matter comes before the Court on Defendant's motion to lift stay and issue show cause order. This action has been stayed pending an ongoing criminal investigation in the District of New Jersey because it appeared that such investigation may have involved matters at issue in the instant action. However, a recently issued indictment confirms that the criminal proceedings involve unrelated conduct. As such, it is appropriate to lift the stay in this matter. Defendant also asks the Court to issue an order requiring Plaintiff to show cause why this action should not be dismissed since it failed to retain new counsel after its present counsel moved to withdraw his appearance. Because Plaintiff's current counsel is still counsel of record, that motion is denied without prejudice as premature.

### Background

In this Contract Disputes Act (CDA) case, Plaintiff Ulysses, Inc. (Ulysses) seeks damages resulting from the cancellation of two purchase orders. Defendant asserted affirmative defenses and counterclaims based upon the False Claims Act, 31 U.S.C. §§ 3729 et seq., the special plea in fraud, 28 U.S.C. § 2514, and the fraud provision of the CDA, 41 U.S.C. § 604. Discovery proceeded, and trial was scheduled for August 25, 2008, in Philadelphia, PA.

On January 4, 2008, Plaintiff advised the Court of a criminal investigation against Ulysses' principal, Demetrios Tsoutsas and several of his companies, and sought a protective order staying the deposition of Mr. Tsoutsas in this action. During argument on this motion, counsel for Plaintiff advised the court that the issues in the instant action were "substantially similar and related to the issues in the criminal investigation." Tr. (Feb. 26, 2008) at 5. Further, counsel represented that pursuant to an warrant issued by the United States District Court for the District of New Jersey on March 6, 2007, Government agents entered Plaintiff's New Jersey facility and seized all if its files -- some 200 boxes of documents, including files on the purchase orders at issue here. Tr. (Feb. 6, 2007) at 6-8; Plaintiff's Memorandum in Support of Motion for Protective Order (Pl.'s Memorandum) at 2. Although Government counsel asserted that Plaintiff had not sufficiently demonstrated that the criminal investigation involved similar issues, he acknowledged that the scope of the criminal investigation was unknown except that it pertained to government contracts. Tr. (Feb. 6, 2007) at 31. On February 26, 2008, the Court stayed proceedings in this action until the criminal investigation was resolved.

On July 9, 2008, Plaintiff's counsel, Mr. Kenneth J. Haber, filed a motion for leave to withdraw as counsel on the ground that Ulysses terminated Mr. Haber's representation in this matter. The Court deferred ruling on this motion pending the lifting of the stay.

On July 16, 2008, Mr. Tsoutsas, Ulysses, and a related company, Melstrom Manufacturing Corporation, were indicted in the District of New Jersey for seven counts of mail fraud and two counts of false statements. Defendant's Motion to Lift Stay and Issue Show Cause Order (Def.'s Mot.), Ex. A. The indictment does not involve allegations related to the instant action. Rather, the indictment charged Mr. Tsoutsas and five of his companies with defrauding the Department of Defense (DoD) by supplying parts which did not meet requirements under unrelated contracts. The Government rejected these parts, but then Mr. Tsoutsas and his other entities allegedly proceeded to bid on and receive additional contracts for the same parts.[1]

In the subject motion, Defendant requests that the Court lift the stay and issue a show cause order "due to Ulysses' failure to retain new counsel in this case in compliance with RCFC 83.1." Def.'s Mot. at 4. Defendant submits that the Court should dismiss this action if Plaintiff fails to secure counsel in response to the Show Cause Order and "warn Ulysses that if it fails to retain counsel, it will 'suffer a default judgment on [the] pending counter claims.'" Id. (quoting Chemray Coatings Corp. v. United States, 27 Fed. Cl. 470 (1993)).

---

[1] Plaintiff Ulysses also allegedly supplied video cable assemblies which failed contractually required tests. After DoD rejected these assemblies, Ulysses allegedly reshipped them under a different contract. Ulysses also allegedly shipped 100 flexible cable assemblies to a company for resale to DoD without performing the requisite pressure test and executed a false certificate of conformance for these cables.

Because it is now apparent that the indictment involves different matters than those at issue in this action, Defendant's motion to lift the stay is well founded. However, its motion seeking an order to show cause is premature in that Mr. Haber has not yet been released from his representation of the Plaintiff in this action given the ongoing stay. As such, the Court deems it appropriate to address Mr. Haber's motion to withdraw and afford Plaintiff the opportunity to obtain substitute counsel prior to issuing an order to show cause.[2]

## Conclusion

Defendant's motion to lift stay is **GRANTED**, and its motion to issue show cause order is **DENIED** without prejudice.

>s/Mary Ellen Coster Williams
>**MARY ELLEN COSTER WILLIAMS**
>**Judge**

---

[2] In a separate order issued this date, the Court grants Mr. Haber's motion to withdraw and orders Plaintiff to obtain counsel in this action.