# In the United States Court of Federal Claims

**No. 06-436C**
**(Filed January 15, 2009)**

```
* * * * * * * * * * * * * * * * * * * * * * * * * *
                                        *
ULYSSES, INC.,                          *
                                        *
                                        *
              Plaintiff,                *
                                        *
        v.                              *
                                        *
THE UNITED STATES,                      *
                                        *
              Defendant.                *
                                        *
* * * * * * * * * * * * * * * * * * * * * * * * * *
```

---

### ORDER OF PARTIAL DISMISSAL

---

In a Memorandum Opinion and Order dated September 8, 2008, this Court granted the July 8, 2008 motion of Plaintiff Ulysses' former counsel to withdraw as attorney of record in this case. In the same order, the Court informed Plaintiff Ulysses that it could not appear before this Court unless it were represented by counsel in accordance with the Rules of the Court of Federal Claims ("RCFC"), Rule 83.1(a)(3). The Court further ordered that Ulysses could not appear pro se in this case and that its president, Demetrios Tsoutsas, who is not a lawyer, could not represent Ulysses. The Court gave Ulysses 30 days to obtain replacement counsel. On December 12, 2008, in response to Ulysses' failure to obtain new counsel, the Court issued an Order directing Ulysses to show cause within 30 days why its complaint should not be dismissed and default judgment entered for the United States on its counterclaims.

Also on December 12, 2008, this Court received by certified mail a letter from Mr. Tsoutsas that contained a copy of an apparent correspondence from Mr. Tsoutsas to Department of Justice counsel Matthew H. Solomson. On January 5, 2009, the Court received a small package of documents from Mr. Tsoutsas. In a Notice to the Parties dated January 6, 2009, the Court indicated that it would not review either transmission, as the Court may not consider any filing from Plaintiff that is not submitted by a counsel of record. The Court further indicated that neither the December 12, 2008 nor the January 5, 2009 letter was entered on the docket in accordance with electronic case filing requirements, and neither was deemed filed or made a part of the record. The January 6, 2009 notice also advised Plaintiff that it had until January 12, 2009, to file a response to the Order to Show

Cause.

Ulysses did not timely file a response to the Order to Show Cause and has given the Court no indication that it intends to obtain replacement counsel.  The Court therefore **ORDERS** that the Plaintiff's claims against the United States be **DISMISSED**.  However, this action shall remain on the docket in light of Defendant's pending counterclaims.  In its Motion to Lift Stay and to Issue Show Cause Order dated September 5, 2008, Defendant requested that Plaintiff also show cause why default judgment should not be entered on Defendant's counterclaims, and Plaintiff has not done so.  Nonetheless, RCFC 55 provides that a party "must apply to the court for a default judgment."  As such, the Court grants Defendant leave to file a motion for default judgment within 60 days of this order.  In the event the record is insufficient to support Defendant's requested award of damages, the Court will conduct an evidentiary hearing. See RCFC 55(b)(2) ("...The Court may conduct hearings or make referrals when, to enter or effectuate judgment, it needs to... determine the amount of damages.")

The Clerk of the Court shall serve a copy of this Notice (Docket # 53) on Plaintiff's last known address as indicated in the certificate of service attached to Plaintiff's Motion for Leave to Withdraw as Counsel – Ulysses Incorporated, 5303 Asbury Road, Farmingdale, NJ 07727 Attn: Demetrios Tsoutsas.

s/Mary Ellen Coster Williams
**MARY ELLEN COSTER WILLIAMS**
**Judge**